IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      No. CV-05-1138 JP/LFG
                                            CR-02-2287 JP

CHRISTIAN LAULUNEN,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 35) filed October 26, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant pled guilty to an information charging possession with intent to distribute cocaine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A). On April 14, 2003, the Court entered judgment on Defendant's conviction. Defendant did not appeal his conviction or sentence. Defendant now claims that his sentence is illegal under the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005). He asks to be resentenced. Although the motion appears to be untimely, the Court will consider Defendant's claims on the merits.

Defendant's allegations of illegal sentence do not support claims for relief. The *Blakely* decision applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *See Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536. The Court in *Blakely* set aside a state court sentence greater than the state's guideline range for the offense

stipulated in the defendant's guilty plea. *See id.*, 542 U.S. at ---, 124 S. Ct. at 2538. The more recent decision in *Booker* stated that the "statutory maximum" in federal sentencing is the sentence that may be imposed under the U.S. Sentencing Guidelines based only on facts that are admitted or found by a jury beyond a reasonable doubt. *Booker*, --- U.S. at ---, ---, 125 S. Ct. at 749, 756. The Court in *Booker* also ruled the mandatory application of the United States Sentencing Guidelines is unconstitutional. *See id.*, --- U.S. at --- - --, 125 S. Ct. at 756-56.

These rulings are not available to Defendant on collateral review of his criminal conviction or sentence. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decisions in *Blakely* and *Booker* merely apply the rule previously announced in *Apprendi*, *see Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536, and thus provide no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and those on direct review. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. Defendant is not entitled to relief under these decisions, and the Court will dismiss the § 2255 motion.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 35) filed October 26, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE